# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3599 | DATE | 2/6/2003 |
| CASE TITLE | Wilson vs. Comtrust | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for summary judgment is granted. Plaintiff's breach of contract claim is dismissed for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

FEB 07 2003

21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RENEE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) No. 02 C 3599 | |
| | ) | |
| COMTRUST LLC, COLLECTIVE | ) | |
| PURCHASING CONFERENCE, LLC, | ) | |
| and MINISTRY OF W. DEEN | ) | |
| MOHAMMED, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

FEB 0 7 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

Plaintiff Renee Wilson filed a three count complaint against Defendants Comtrust LLC, Collective Purchasing Conference, LLC, and The Ministry of W. Deen Mohammed for religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and state common law breach of contract after she was terminated from her employment. Defendants filed a motion to dismiss on the basis that they are not "employers" as defined by 42 U.S.C. §2000e(b). The Court converted Defendants' motion into one for summary judgment and allowed a limited discovery period. That discovery period has now concluded and the parties have completed their briefing. It is now clear that there is no genuine issue of material fact as to Defendants' status as Title VII "employers" and that Plaintiff cannot meet her burden of establishing this critical element. Accordingly, the Court enters judgment in favor of Defendants on the discrimination and retaliation counts. The Court also dismisses Plaintiff's pendent breach of contract claim for lack of subject matter jurisdiction.



## BACKGROUND

**I.  Parties**

Defendant Collective Purchasing Conference ("CPC") is an Illinois limited liability corporation that was organized in 1997. It collects money from investors to purchase Shea butter, which it distributes to other organizations. (R. 18-1, Pl.'s Resp. to Defs.' Statement of Uncontested Facts ¶9.) CPC owns a building at 2979 W. 167th Street in Hazel Crest, Illinois, which it uses for its offices. (R. 11-1, Defs.' Statement of Uncontested Facts ¶¶7, 10.)

Defendant Comtrust, LLC ("Comtrust") is a meat market store that sells both retail and wholesale. (R. 18-1, Pl.'s Resp. to Defs.' Statement of Uncontested Facts ¶6.) It was organized in 2000 as an Illinois limited liability corporation. (R. 11-1, Defs.' Statement of Uncontested Facts ¶5.) Comtrust is located in the building owned by CPC at 2979 W. 167th Street in Hazel Crest, Illinois. (*Id.* ¶7.)

Defendant The Ministry of W. Deen Mohammed (the "Ministry") is a not-for-profit association that was organized in 1988. (R. 11-1, Defs.' Statement of Uncontested Facts ¶11.) The Ministry primarily solicits funds for charitable purposes and finances and supports W. Deen Mohammed's ministry. (*Id.* ¶12.) The Ministry is located at 929 W. 171st Street in Hazel Crest, Illinois. (*Id.* ¶13.) W. Deen Mohammed is the President and CEO of all three Defendants. (R. 11-1, Defs.' Statement of Uncontested Facts ¶4.)

At various times, Plaintiff Renee Wilson was employed by each of the Defendants. Plaintiff worked as a secretary for CPC from November 16, 2000 until May 18, 2001, and again from September 14, 2001 until October 18, 2001. (R. 11-1, Defs.' Statement of Uncontested Facts ¶¶17, 20.) From March 8 until May 18, 2001, Plaintiff spent one day a week working as a

secretary for Comtrust. (*Id.* ¶18.) Plaintiff then worked at the Ministry from May 18 until September 14, 2001. (*Id.* ¶19.) Plaintiff was issued separate W-2 Statements that reflected the wages she earned with CPC and the Ministry. (*Id.* ¶28.)

## II. Number of Defendants' Employees

### A. Evidence Submitted by Defendants

Defendants submitted various pieces of evidence that show that none of the Defendants employed more than fifteen people at a time during the years at issue. W. Deen Mohammed states in an affidavit that Comtrust had six to seven employees, CPC had three to five employees, and the Ministry had five employees. (R. 11-1, Defs.' Statement of Uncontested Facts, Ex. D ¶11.) Defendants also submit computer printouts of the Ministry's payroll from January 24 to October 18, 2001, CPC's payroll from March 8 to October 18, 2001, and Comtrust's payroll from March 8 to October 18, 2001. (R. 20-1, Defs.' Resp. to Pl.'s Statement of Add'l Material Facts, Ex. J.) These payroll submissions also show that no Defendant employed more than fifteen people at any given time.

### B. Evidence Submitted by Plaintiff

Plaintiff relies upon two pieces of evidence in attempting to establish that Defendants did employ more than fifteen people during the relevant times: (1) her affidavit and (2) deposition testimony of Defendants' employees.

#### 1. Plaintiff's Affidavit

Plaintiff's affidavit lists thirty-one people that she recalls working at "CPC/Comtrust" during 2000 and 2001. (R. 18-1, Pl.'s Resp. to Defs.' Statement of Uncontested Facts, Ex. 5, ¶7.) Her affidavit also names twelve people that she remembers working for the Ministry. (*Id.* ¶8.)

3

Plaintiff does list the last names of twenty-four of the purported "CPC/Comtrust" employees and seven of the Ministry employees. She also fails to list the dates in which any of the people were supposedly employed by "CPC/Comtrust" or the Ministry.

### 2. The Deposition Testimony

To support her claims that Defendants are "employers" under Title VII, Plaintiff also relies upon the deposition testimony of three people: (1) John Abdul-Haqq, a personal assistant of W. Deen Mohammed for the Ministry; (2) Mandy Carter, a secretary for the Ministry; and (3) Rasheedah McCamury, an administrative assistant for the Ministry. Specifically, Plaintiff cites to portions of the transcript where the deponents state that certain people were employed by one or more Defendants. The deponents do not supply the dates that Defendants employed these people or the duration of their employment.

## LEGAL STANDARD

Summary judgment is proper only when the evidence in the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the initial burden of submitting affidavits and other evidentiary material which show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).[1] Once a movant meets that initial burden, the burden shifts to the non-movant to present "appropriate evidence demonstrating that there was a pending dispute of material fact." *Adler v. Glickman*, 87 F.3d 956, 959 (7th Cir. 1996). In order to meet this burden, the nonmoving party

---

[1] A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

4

may not simply rely on "mere allegations" that a genuine issue of fact exists. *Id.* It must instead counter the evidence submitted by the movant by providing "materials of evidentiary quality" to create material factual issues. *Id.* A non-movant must do more than raise mere "metaphysical doubt" concerning the existence of a genuine issue of fact, *Walker v. Shansky*, 28 F.3d 666, 671 (7th Cir. 1994), and must present more than a "scintilla of evidence," *Associated Milk Producers, Inc. v. Meadow Gold Dairies*, 27 F.3d 268, 270 (7th Cir. 1994), in order to oppose a motion for summary judgment.

## ANALYSIS

Title VII liability attaches only to an "employer." Title VII defines "employer" as someone who has "fifteen or more employees" for each working day for twenty weeks or more during the current year or preceding year. 42 U.S.C. §2000e(b). Defendants' motion for summary judgment argues that Plaintiff cannot establish that any Defendant is a Title VII "employer" because she cannot demonstrate that Defendants individually employed more than fifteen people during this time frame or that there is cause to aggregate their number of employees. Plaintiff counters that Defendants are Title VII "employers" both independently and collectively.

### I. No Defendant Is Individually An "Employer" Under Title VII

Each Defendant is "subject to Title VII . . . only if, at the time of the alleged [violation], it met the statutory definition of 'employer.'" *Walters v. Metropolitan Educ. Enters., Inc.*, 519 U.S. 202, 205, 117 S.Ct. 660, 663, 136 L.Ed.2d 644 (1997). The Supreme Court has adopted the "payroll method" to determine the number of employees that a defendant has under Title VII. *See id.* at 207, 117 S.Ct. at 664. Simply put, this test looks at the number of employees that were

on the employer's payroll during the applicable time period. *Id.* at 211-12; 117 S.Ct. at 666. Plaintiff bears the burden of proving the number of employees, including the duration of their employment, "with some element of precision." *Norman v. Levy*, 767 F.Supp. 1441, 1449 (N.D. Ill. 1991).

The Seventh Circuit addressed a similar issue in *Ost v. West Suburban Travelers Limosine, Inc.*, 88 F.3d 435, 439 (7th Cir. 1996). In *Ost*, the plaintiff submitted an affidavit that listed twenty-four employees. Her affidavit, however, failed to address whether the employees were "employed within the same time period, how many employees worked on particular days, or whether there were fifteen or more employees on each day of any particular week." *Id.* The Seventh Circuit found the affidavit to be "too vague a submission to carry her burden." *Id.* The statement that a number of employees worked "throughout [plaintiff's] employment" was at a "level of generality" that was insufficient to survive summary judgment. *Id.* at 440.

As in *Ost*, Plaintiff's evidence of the number of Defendants' employees here is lacking.[2] Plaintiff's evidence consists of little besides a list of people that were purportedly employed by Defendants sometime during the years of 2000 and 2001. The deposition testimony cited by Plaintiff lacks the same specificity. Nowhere does Plaintiff inform the Court of when these supposed employees worked for Defendants or the duration of their employment. Plaintiff has not produced sufficient evidence to meet her burden of establishing that any Defendant employed at least fifteen individuals for twenty weeks or more in the current or preceding years.

---

[2] Even though they do not bear the burden of proof, Defendants brought forth evidence showing that they do not employ more than fifteen individuals through an affidavit and payroll printouts. The payroll printouts do break the individuals' employment down by time period. They clearly show that Defendants did not individually employ more than fifteen employees during these periods of time.

Accordingly, Defendants individually are not "employers" under Title VII.

## II. There Is No Reason To Aggregate Defendants' Employees

Plaintiff next argues that the facts of the case warrant aggregating the employees of the three companies in order to find that they are subject to Title VII. Defendants counter that there is no cause to aggregate Defendants' employees under *Papa v. Katy Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999). This Court agrees that *Papa* is controlling and that an aggregation of Defendants' employees is not warranted.

In *Papa*, Judge Posner found that there were only three scenarios where a court should aggregate the employees of separate companies for the purposes of defining "employer" under Title VII: (1) where the traditional conditions exist to "pierce the corporate veil;" (2) where the enterprise has split itself into separate companies with the express purpose of avoiding liability under Title VII; and (3) where the parent corporation may have directed the discriminatory act. *Id.* at 940-41.

Instead of arguing that one of these exceptions apply, Plaintiff attempts to distinguish *Papa* on the grounds that she worked for all three affiliates, rather than just one. Plaintiff further points to evidence of the overlap of the companies: some employees, including her, worked for more than one of the entities; one employee acted as a supervisor at both CPC and Comtrust; CPC and Comtrust shared the same office building; CPC and Comtrust sometimes referred to themselves, including on letterhead, as "CPC/Comtrust;" all three companies were created by the same person; and all three companies used the same accounting firm. (R. 18-1, Pl.'s Statement of Add'l Material Facts ¶3.) None of this evidence helps Plaintiff's position, however, because the Seventh Circuit explicitly condoned much of this type of overlap in rejecting the application

7

of an integration analysis. *Id.* at 942.

Even if *Papa* were factually distinguishable, the Court is still bound by the law that the Seventh Circuit articulated. To that end, Plaintiff does not argue that any of the *Papa* exceptions apply. Indeed, there is no evidence to suggest that Defendants organized separately in order to escape Title VII's provisions or that some parent company directed the discriminatory act. That leaves the traditional exception of piercing the corporate veil.

The only evidence that even slightly suggests that the Court should pierce the corporate veil is that Comtrust and CPC share the same letterhead and office space. Even if this were enough, the aggregate number of employees for the two companies is still less than the requisite fifteen under 42 U.S.C. §2000e. Plaintiff would need to combine the Ministry's employees with those of Comtrust and CPC to meet the "employer" definition under Title VII. Plaintiff has come forth with no evidence, however, that supports her position that the Ministry's corporate veil should be pierced. Accordingly, Plaintiff has not shown that Defendants' employees should be aggregated. Defendants are therefore not a collective "employer" under Title VII.

### III. Credibility

Plaintiff argues that the Court should discount Defendants' evidence of their number of employees because, she claims, the credibility of this evidence is in question. Plaintiff contends that there are "enormous" contradictions between the affidavit submitted by Defendants, the depositions, and the other discovery. (R. 16-1, Pl.'s Resp. to Defs.' Mot. for Summ. J. at 5.) Plaintiff points to one response by Defendants in particular:

> **INTERROGATORY #3:** State the greatest number of employees who worked for defendants in the calendar years of 2000 and 2001.

> **ANSWER:** The greatest number of employees who worked for Comtrust, LLC, during the time that Plaintiff was employed with Defendant during calendar years 2000 and 2001 was 10; for Collective Purchasing Conference, LLC, it was 8; and for the Ministry of W. Deem Mohammed, it was 8.

(R. 17-1, Pl.'s App. in Op. to Defs.' Mot. for Summ. J., Ex. 6.) Plaintiff claims that this answer is inconsistent with W. Deen Mohammed's deposition testimony, where he estimated the number of employees at six or seven for the Ministry and anywhere from three to five for CPC.

These statements cannot be deemed material. The greatest number of employees is irrelevant to a Title VII determination of whether a defendant is an "employer" of 15 or more individuals for at least 20 weeks out of the year. *See* 42 U.S.C. §2000e. The statements are not even inconsistent. It is highly likely that Defendants' "greatest number" of employees was more than the number of employees they maintained for at least twenty weeks out of the year.

Plaintiff points out other instances where Defendants' evidence has been purportedly inconsistent. Plaintiff submits that these inconsistencies "call[] truthfulness into question, [which] precludes summary judgment" since "a fact-finder may infer intentional discrimination from an employer's untruthfulness." (R. 16-1, Pl.'s Resp. to Defs.' Mot. for Summ. J. at 5.) Plaintiff misses the point. It is true that evidence might call into question a proffered non-discriminatory reason for termination. But even if Defendants had admitted to intentional discrimination, there would be no federal cause of action against them under Title VII. The issue is whether Defendants were "employers" as defined by 42 U.S.C. §2000e. It is Plaintiff's burden to prove that they were. Plaintiff's evidence is simply vague and not compelling. There is no credibility issue that would preclude the entry of summary judgment because Plaintiff has not established that there is a question of material fact with respect to the number of Defendants'

employees. Because they are not "employers" under 42 U.S.C. §2000e, Defendants are entitled to judgment as a matter of law. *Papa*, 166 F.3d at 943 (whether defendant is employer is not a jurisdictional question, but is instead properly addressed in deciding a motion for summary judgment).

## CONCLUSION

This Court finds that there is no dispute of material fact and that Defendants are entitled to judgment as a matter of law. Plaintiff has not met her burden of producing evidence of a critical element of her Title VII claims: that each Defendant, either individually or collectively, is an "employer" under 42 U.S.C. §2000e. Accordingly, judgment is entered in favor of Defendants on the religious discrimination and retaliation counts. The Court also dismisses Plaintiff's state common law breach of contract action for lack of subject matter jurisdiction.[3]

DATED: February 6, 2003          ENTERED

                                 AMY J. ST. EVE
                                 United States District Judge

---

[3] "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir.1994). Plaintiff has not argued that any exception to this rule applies or that judicial economy, convenience, fairness or comity should compel this Court to maintain federal jurisdiction of this state law claim. Accordingly, the Court dismisses the state common law breach of contract claim.

10